**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3969
_____

In re: DONALD JONES,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-08-00007-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 4, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed February 10, 2016)
_____

OPINION*
_____

PER CURIAM

        In June 2008, Donald Jones pleaded guilty to possessing crack cocaine with the

intent to distribute it and related charges, and he was sentenced to 120 months'

imprisonment, the mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii) (2006).  This

Court summarily affirmed.  United States v. Jones, C.A. No. 08-4111 (order entered Mar.

18, 2009).

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In December 2014, Jones filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the U.S. Sentencing Guidelines.[1] The District Court stayed proceedings on the motion in accordance with Paragraph 5 of the Administrative Order regarding pro se motions filed in the Eastern District of Pennsylvania seeking retroactive application of Amendment 782. In this Administrative Order, the Honorable Petrese B. Tucker, Chief United States District Judge, stated that a committee had been assembled to identify those defendants eligible for a sentence reduction under Amendment 782, and ordered all motions for sentence reductions under that Amendment stayed pending the committee's review.

In January 2015, Jones filed an amended motion to reduce his sentence pursuant to § 3582(c)(2). The District Court found that the amended motion sought relief on the same grounds as the initial motion, and denied it as moot.

In November 2015, Jones moved the District Court to lift the stay and adjudicate his § 3582(c)(2) motion. The District Court indicated that the Administrative Order was still in place and denied the request. Jones then asked the District Court to clarify its orders invoking the Administrative Order. At that time, Jones also requested counsel. By order entered December 17, 2015, the District Court denied the motion as moot,

---

constitute binding precedent.

[1] Amendment 782 to the Guidelines, which came into effect on November 1, 2014, and has been applied retroactively, reduced by two the base offense levels assigned to specific drug quantities. See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014).

stating that the Clerk of Court would be sending Jones a Notice addressing the Administrative Order and advising him that the Federal Defender has been appointed to represent him. The record reflects that the Clerk sent Jones this Notice on December 23, 2015.

Meanwhile, on December 9, 2015, Jones filed this petition for writ of mandamus asking us to compel the District Court to lift the stay. Jones contends that the District Court has failed to provide any legal analysis in support of its orders invoking the Administrative Order, and he complains that he has been deprived of a hearing and briefing on the decision to stay his case. Jones also asks the Court to compel the District Court to "disclose all records, statements, an[d] documents and any and all discovery information" relating to his § 3582(c)(2) motion.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

We will deny the petition for writ of mandamus. First, insofar as Jones seeks clarification of the bases of the District Court's orders invoking the Administrative Order,

we are confident that the District Court Clerk's December 23, 2015 Notice has satisfied this request. Second, to the extent that Jones asks us to vacate the District Court's stay order and direct the court to adjudicate his § 3582(c)(2) motion, we see no exceptional circumstances that would justify such extraordinary relief. To the contrary, the District Court, in staying Jones's case, has properly "exercised its inherent power to control its docket so as to promote fair and efficient adjudication."[2] Rolo v. General Dev't. Corp., 949 F.2d 695, 702 (3d Cir. 1991).

Accordingly, we will deny the mandamus petition. The motion for appointment of counsel is denied. The motion to be excused from service requirements is denied as moot.[3] [4]

---

[2] To the extent that Jones seeks appellate review of the District Court's decision to stay his § 3582(c)(2) proceedings, "[s]tay orders normally are not appealable final orders because they merely delay proceedings in the suit." Mendez v. Puerto Rican Int'l Cos., 553 F.3d 709, 710 (3d Cir. 2009).

[3] To the extent that Jones seeks to amend his mandamus petition in order to challenge the validity of, and recommendations made by, the sentencing committee assembled in the District Court, a writ of mandamus is not an appropriate remedy for such challenges. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (stating that mandamus is not a substitute for appeal).

[4] On January 22, 2016, this Court received a letter from Jones expressing confusion over a January 11, 2016 letter from the Federal Defender's Office regarding the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). We note that this letter does not concern the Guideline Amendments at issue in the § 3582(c)(2) motion currently pending in the District Court.